**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., <br><br> Plaintiff <br><br> v. <br><br> OXFORD HOSPITALITY ENTERPRISES, INC., et al., <br><br> Defendants. | Civil Action No.: 11-3679 (JLL) <br><br> **FINAL JUDGMENT BY DEFAULT** |

This matter comes before the Court by way of Plaintiff, Baymont Franchise Systems, Inc. ("BFS")'s Motion for Default Judgment seeking entry of a Final Judgment against Defendants Oxford Hospitality Enterprises, Inc. ("Oxford Hospitality"), Savitaben N. Patel, Bipinchandra B. Patel and Bhupatbhai C. Patel ("Defendants"), pursuant to Fed. R. Civ. P. 55(b)(2); and it appearing that the Complaint in this matter was filed on June 24, 2011 [Docket Entry No. 1], seeking damages as a result of the breach of a franchise agreement ("Franchise Agreement") between BFS and Oxford Hospitality, and service of a copy of the Summons and Complaint having been effectuated with respect to Defendant Savitaben N. Patel by serving him in West Sacramento, California on August 5, 2011; and service of a copy of the Summons and Complaint having been effectuated with respect to Defendant Bhupatbhai C. Patel by serving him in Sylva, North Carolina on August 5, 2011; and service of a copy of the Summons and Complaint having been effectuated with respect to Defendants Oxford Hospitality Enterprises, Inc. and Bipinchandra B. Patel by serving them in Sylva, North Carolina on August 19, 2011; and it appearing that default was duly noted by the Clerk of the Court against Defendants Savitaben N.

Patel and Bhupatbhai C. Patel on September 13, 2011 for their failure to plead or otherwise defend this action [Docket Entry No. 8 and Docket at September 13, 2011]; and it appearing that default was duly noted by the Clerk of the Court against Defendants Oxford Hospitality and Bipinchandra B. Patel on September 21, 2011 for their failure to plead or otherwise defend in this action [Docket Entry No. 11 and Docket at September 21, 2011]; and the Court having reviewed the papers; and good cause having been shown:

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. This is an action for breach of section 9 of Plaintiff and Defendants' Franchise Agreement, signed by the parties on or about November 6, 2006, which breach resulted from Defendant Oxford Hospitality's relinquishment of control of a 129-room guest lodging facility located at 1600 Highway 21 South, Oxford, Alabama 36203 ("Facility") on or about October 20, 2008, without prior consent from BFS, to a third party. (Compl., ¶¶ 10, 22). Prior to losing possession of the named Facility, Defendant Oxford Hospitality failed to pay recurring fees due BFS pursuant to section 7 and Schedule C the Franchise Agreement. (Compl., ¶¶ 12,

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 insofar as Plaintiff and all of the Defendants are citizens of different states and the amount of controversy in this matter, exclusive of interests and costs, exceeds the sum of $75,000.

3. The Court has personal jurisdiction over Oxford Hospitality by virtue of, *inter alia*, Section 17.6.3 of the November 6, 2006 Franchise Agreement by and between Oxford Hospitality and BFS, pursuant to which Oxford Hospitality has

2

consented "to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey. . . ." The Court has personal jurisdiction over Defendants Savitaben N. Patel, Bipinchandra B. Patel, and Bhupatbhai C. Patel by virtue of, *inter alia*, the terms of a guaranty ("Guaranty"), pursuant to which Savitaben N. Patel, Bipinchandra B. Patel, and Bhupatbhai C. Patel acknowledged that they were personally bound by Section 17 of the Franchise Agreement.

4. Venue is proper in this District pursuant to Section 17.6.3 of the Franchise Agreement, inasmuch as that provision contains an express waiver of Oxford Hospitality of any objection to venue in this District.

5. Plaintiff BFS is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey. Section 11.2 of the Parties' Franchise Agreement permitted Plaintiff BFS' termination of the Franchise Agreement with notice if Defendant Oxford Hospitality lost possession or the right to possession of the facility. Under Section 17.4 of the Franchise Agreement, the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." A Guaranty signed by the Parties, effective as of the date of the Franchise Agreement stated that, upon a default under the Franchise Agreement, the Parties would "immediately make each payment and perform or cause [Oxford

Hospitality] to perform, each unpaid or unperformed obligation of [Oxford Hospitality] under the [Franchise] Agreement.".

6. On this motion for default judgment against Defendants, this Court accepts all allegations in Plaintiff's Complaint as true. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Chanel, Inc. v. Guetae, 07 Civ. 3309, 2009 WL 1653137, at *2 (D.N.J. June 8, 2009)("Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint.")(citation omitted).

7. Plaintiffs have stated a sufficient cause of action with regard to Defendants' conduct constituting a breach of the Parties' Franchise Agreement.

8. In granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense; (2) the prejudice suffered by the party seeking default; and (3) the culpability of the party subject to default. Doug Brady Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)(citing Emcasco Ins. Co. v. Sambrick. 834 F.2d 71, 73 (3d Cir. 1987). First, Defendants have failed to file responsive pleadings regarding Plaintiff's Motion for Default, and neither Defendants nor their counsel have appeared for Defendants in this action to present any defense. Further, Defendants' failure to answer has prejudiced Plaintiff in preventing it from prosecuting its case, engaging in discovery and seeking relief. Accepting Plaintiff's allegations to be true, Defendants breached the Parties' Franchise Agreement, and Plaintiff has stated a sufficient cause of action to find culpability.

9. Judgment is entered for Plaintiff BFS and against Defendants Oxford Hospitality, Savitaben N. Patel, Bipinchandra B. Patel, and Bhupatbhai C. Patel, jointly and severally, in the amount of $107, 017.60, comprising of the following:

   a. $103, 313.63 for Recurring Fees (principal plus prejudgment interest); and

   b. $3,703.97 for attorneys' fees and costs.

Accordingly, **IT IS** on this ____ day of **November, 2011**,

**ORDERED** that Plaintiffs' motion for judgement on default against Defendant Concept Designs Unlimited is **GRANTED.**

**IT IS SO ORDERED.**

_____
Jose L. Linares
United States District Judge